UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARTIN ANTHONY WHITE,

        Movant,

  -vs-

UNITED STATES OF AMERICA,

        Respondent.

No. 2:11-CR-2127-WFN-1

ORDER DENYING § 2255 MOTION

Before the Court is Mr. White's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 47. Mr. White was indicted on December 13, 2011, for being a felon in possession of a firearm. He pled guilty and was sentenced to 57 months incarceration. He now challenges his sentence following the Supreme Court decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015).

**DISCUSSION**

The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255(b). The Rules regarding Section 2255 Proceedings similarly state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "if it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

ORDER ON § 2255 MOTION - 1

To gain relief, Mr. White must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255.

Defendant argues that the Court improperly applied a sentencing enhancement finding his prior second degree robbery conviction qualified as a crime of violence pursuant to U.S.S.G. § 4B1.2(a)(1). Though *Johnson* limited the definition of crimes of violence in the context of the Armed Career Criminal Act, *Beckles* clarifies that the *Johnson* decision does not extend to application of the advisory Guidelines. 137 S. Ct. 886 (2017).

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. White's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255, filed June 20, 2016, **ECF No. 47,** is **DENIED**.

The District Court Executive is directed to file this Order and:
- Provide copies to counsel,
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**

- **CLOSE** the corresponding civil file, 2:16-CV-3117-WFN.

**DATED** this 12th day of October, 2017.

s/ Wm. Fremming Nielsen<br>WM. FREMMING NIELSEN<br>SENIOR UNITED STATES DISTRICT JUDGE

10-12-17

ORDER ON § 2255 MOTION - 3